**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| **v.** | : | **NO. 24-4480** |
| **ROBERT R. LOGAN and DAVID JOHNSTON** | : | |
| **Defendants** | : | |

**MEMORANDUM OPINION**

**Goldberg, J.** **May 12 , 2025**

This case emanates from a personal injury matter filed in state court. The issue presently before me in this Declaratory Judgment action arises out of the default entered against Defendant-Tortfeasor Robert R. Logan for failure to answer or appear. At a pre-trial scheduling conference held on November 4, 2024, Plaintiff State Farm argued that the injured party and Intervenor, David Johnston, no longer had standing to litigate this case in light of Logan's default, and thus there was no need to enter a scheduling order. I directed the parties to brief the standing issue, and after consideration of those submissions, I conclude that Johnston does have standing to be heard.

**FACTUAL BACKGROUND**

This case has its origins in another, earlier-filed action. On June 5, 2023, Johnston filed suit in the Philadelphia County Court of Common Pleas to recover for the serious personal injuries he sustained in an accident on October 13, 2022 which occurred in Philadelphia. In that case, Johnston alleged he was operating a motorized scooter when Logan disregarded a red traffic signal for left turns and made a sudden left turn, striking him. At the time of the accident, Logan was

driving a vehicle which he had been renting from Budget Car Rental since early June 2022. Logan, however, only maintained insurance coverage on his personal vehicle, a 2005 Dodge Caravan, and never added the rented vehicle to his policy with State Farm.

Although State Farm has been providing a defense to Logan in the underlying state court action, on August 27, 2024, it filed its Complaint for Declaratory Judgment in this Court. State Farm seeks entry of a judgment finding it does not have an obligation to defend or indemnify Logan in the state court lawsuit because its coverage under the policy did not extend to the rented vehicle. Because State Farm did not include Johnston as a defendant despite his obvious interest in this action, Johnston filed a motion to intervene as a defendant as of right pursuant to Fed. R. Civ. P. 24(a) on September 11, 2024. Neither Logan nor State Farm objected and the motion was granted on October 7, 2024. Johnston filed an Answer to the Complaint on October 10th. Logan never answered or entered an appearance and default was entered against him on November 13, 2024.

**DISCUSSION**

State Farm asserts that Johnston cannot defend this case now that Logan has defaulted because "Johnston is a stranger to the insurance contract" between Logan and State Farm, and because Johnston is attempting to assert Logan's rights – not his own. Hence, State Farm argues, Johnston does not have standing to bring an affirmative claim for declaratory judgment against it.

In relevant part, 28 U.S.C. § 2201(a) provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

"Though there is no precise definition as to what constitutes an 'actual controversy' for purposes of both the Declaratory Judgment Act and Article III of the Constitution, at the very least, the facts alleged in a complaint must present a substantial controversy between adverse parties of sufficient immediacy and reality as to warrant a declaratory judgment." Carrasquillo v. Kelly, Civ. No. 17-4887, 2018 U.S. Dist. LEXIS 64221 at *3 (E.D. Pa. Apr. 17, 2018) (citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). In addition to the requirement of an actual controversy, Article III also requires the plaintiff to have suffered an "injury in fact," that is "concrete and particularized," "fairly traceable to the challenged action of the defendant," and redressable by a favorable decision. Dep't of Educ. v. Brown, 600 U.S. 551, 561 (2023).

Further, a litigant must normally assert his own legal interests rather than those of third parties. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985). Despite this last generality, third-party standing is recognized under certain circumstances. Powers v. Ohio, 499 U.S. 400, 410 (1991). Indeed, a litigant may have a right to bring an action on behalf of a third party upon a showing that: (1) the litigant has suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; (2) the litigant has a close relation to the third party; and (3) some "hindrance" exists to the third party's ability to protect his or her own interests. Id. at 411.

State Farm relies upon several decisions from this district in which declaratory judgment claims brought by injured third parties against their tortfeasor's insurers were dismissed for lack of standing on the grounds that they were not parties to the insurance contracts at issue. See, Alexander v. Progressive Advanced Ins. Co., Civ. No. 24-704, 2024 U.S. Dist. LEXIS 110407 at *6 - *7 (E.D. Pa. June 24, 2024); Dixon v. Gallagher Bassett Servs., Civ. No. 23-3930, 2023 U.S.

Dist. LEXIS 212873 at *6 (E.D. Pa. Nov. 20, 2023) and Carrasquillo v. Kelly, supra. These cases are, however, procedurally different than the case before me.[1]

The Third Circuit case of Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986) is more akin to the instant matter. Kemper insured Rauscher who had caused traumatic injuries to the Griffiths in an auto accident, for which they filed suit against him in a separate state court action. Similar to State Farm in this matter, Kemper argued its policy did not provide coverage for the accident in which Rauscher was driving his girlfriend's car because its policy only covered Rauscher's commercial vehicle "or any temporary substitute auto," defined as one which he did not own but was using because the covered commercial vehicle was out of normal use due to "breakdown, repair, servicing, loss or destruction." Id. at 347. Kemper filed an action against both Rauscher and the Griffiths, as necessary parties, seeking a declaratory judgment that it had no duty to defend or indemnify Rauscher in the Griffiths' lawsuit. Rauscher never responded and default was entered against him. Kemper then moved for summary judgment on the grounds that the Griffiths' rights were purely derivative of Rauscher's and thus they had no standing. The district court agreed and granted the motion. On appeal, the Third Circuit reversed, reasoning:

> Concluding that the injured party has an independent, and not a derivative right, to be heard, is not only jurisprudentially sound, but is also realistic: "Certainly, from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured." In terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate.

Id., 807 F.2d at 354-355 (quoting 6A J. Moore, *Moore's Federal Practice* ¶ 57.19).

---

[1] In the district court cases cited by State Farm, the declaratory judgment actions were instituted by the injured parties directly against their tortfeasors' insurers, whereas in the present case, State Farm filed the complaint only against its own insured (Logan), who was the tortfeasor, requiring the injured party (Johnston) to intervene to be part of the litigation.

Additionally, in American Auto. Ins. Co. v. Murray, 658 F.3d 311 (3d Cir. 2011), the Third Circuit re-affirmed its holding in Rauscher and found the plaintiff beer distributor (Ennie), who had sued its insurance agent (Murray), for negligent placement of insurance had standing to appeal the district court's entry of summary judgment in favor of the insurance company in its declaratory judgment action, despite the defendant-agent's failure to appeal. In so holding, the Third Circuit noted:

> Like the passengers in Rauscher, Ennie is the directly injured party and its interests in the lawsuit are, therefore, independent of the insured (Murray). Ennie has a particularized interest in the lawsuit because a determination of Murray's coverage would dictate its ability to receive the full benefit of the Ennie lawsuit.

Id. at 319. As Rauscher and Murray make clear, injured parties in declaratory judgment actions such as this one have standing to litigate regardless of whether the insured party is or remains a party. As previously noted, the cases upon which State Farm relies are readily distinguishable from this one – the *plaintiffs* in Alexander, Dixon, and Carrasquillo were the *injured parties*. Here, as in Rauscher and Murray, the injured party is a *defendant* in an action initiated by an insurance company.

Although Johnston, the injured party, did not initiate this action – his motion to intervene as a necessary party was granted without objection based on his obvious interest in the outcome of this case as he is the party who was injured by State Farm's insured. On this point, it is also especially noteworthy that it has long been Third Circuit law that an injured person is a "necessary and proper party" in a declaratory judgment proceeding involving an automobile liability policy. Rauscher, 807 F.2d at 354, n.5 (quoting Maryland Casualty Co. v. Consumers Finance Service, 101 F.2d 514 (3d Cir. 1938)). In light of this precedent, State Farm's failure to join Johnston as a party to this action in the first place is therefore puzzling. And it is also now the settled law in this Circuit that intervenors are not required to possess Article III standing to participate in federal

lawsuits. King v. Governor of the State of New Jersey, 767 F.3d 216, 245 (3d Cir. 2014), *overruled in part on other grounds*, Nat'l Inst. of Family & Life Advocates v. Becerra, 585 U.S. 755 (2018) ("If the plaintiff that initiated the lawsuit in question has Article III standing, a 'case' or 'controversy' exists regardless of whether a subsequent intervenor has such standing.").

Based upon the foregoing precedents, I find that Johnston has standing to defend this declaratory judgment action and I shall therefore enter an order scheduling this matter for a telephone conference at which time the parties shall be prepared to discuss the amount of time they will require to take discovery and file motions for summary judgment if necessary.

An appropriate Order follows.