### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>       Plaintiff,<br>v.<br><br>DAVID JOHNSTON,<br><br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 2:24-cv-04480 |

### MEMORANDUM

Presently before the Court is Intervening Defendant David Johnston's (Intervening Defendant) Motion *in Limine* to Preclude the Use of the Statement Under Oath and Deposition of Defendant Robert Logan (Dkt. 37) (Motion).[1] By way of background, the Motion comes in the context of State Farm's declaratory judgment action, filed pursuant to 28 U.S.C. § 2201. Through this action, State Farm is attempting to determine whether it is obligated to defend or indemnify Robert Logan in an underlying lawsuit pending in the Court of Commonwealth Pleas of Philadelphia County. *See* Complaint at ¶ 1 (Dkt. 1).

In that underlying action, Intervening Defendant alleges he was struck by Logan while operating a rented motor vehicle. *See id.* at ¶¶ 9–10. Logan had an automobile insurance policy with State Farm, although State Farm contends the policy does not cover the rented vehicle involved in the incident. *See id.* at ¶¶ 20–32.

---

[1]    After State Farm filed its Response in Opposition (Response), *see* Dkt. 38, Intervening Defendant replied with a "Supplement Memorandum" in support of the Motion. *See* Supplement Memorandum (Dkt. 39). Intervening Defendant is reminded that this Court's Guidelines state that "[r]eply briefs are not permitted without leave of court." *See* Judge Weilheimer's Guidelines at X.C.

Logan defaulted in this declaratory judgment action for failing to plead or otherwise defend against State Farm. *See* Entry of Default (Dkt. 14). Intervening Defendant, who intervened as a party defendant in this declaratory judgment action, continues to oppose State Farm's requested relief.

In this Motion, Intervening Defendant seeks to preclude the use of (1) an examination under oath of Logan conducted by State Farm and (2) a deposition of Logan conducted by Intervening Defendant's attorney in the underlying tort action in state court. This Court will consider each document in turn.

The examination under oath provided by Logan to State Farm is admissible because these statements are not hearsay under Federal Rule of Evidence 801(d)(2)(A). That portion of Rule 801 provides that a statement is *not* hearsay if it "is offered against an opposing party and … was made by the party in an individual or representative capacity[.]" Fed. R. Evid. 801(d)(2)(A). In the examination under oath, the statements were individually made by Logan, and Logan is an opposing party in this declaratory judgment action. Further, the statement would be introduced against Logan in an attempt to demonstrate his State Farm policy did not cover him for any potential liability relating to the incident with Intervening Defendant.

In opposition, Intervening Defendant argues that—although party admissions are generally admissible—state courts in Pennsylvania "recognize an exception to that general rule." Motion at 11. Without providing any accompanying analysis,

Intervening Defendant quotes the following portion of a Pennsylvania Superior Court opinion:

> where, if the declaration were received as evidence against the person making it, the necessary result would be to prejudice such others; under these circumstances there is abundant authority to the effect that the declaration should be excluded entirely so as to protect those whom its admission would harm, even though the party offering it is thus precluded from the exercise of a right he would have had if the proceeding were against the declarant alone[.]

*Id.* (*citing Adams v. Mackleer*, 361 A.2d 439, 441 (Pa. Super. 1976)).  This decision from one of Pennsylvania's intermediate appellate courts has no bearing on the application of the federal evidence law that controls in this matter.  Intervening Defendant has cited no federal authority to support this position.

Accordingly, the statements in the examination are not hearsay, and Intervening Defendant has provided no basis for their exclusion at trial.[2]

Intervening Defendant also seeks to preclude the use of Logan's statements made in a deposition in the underlying tort action.  The same rationale applies to these statements: They are admissions of a party-opponent and are therefore excluded from the definition of hearsay.  As State Farm explains, it seeks to offer the "deposition transcript into evidence against [ ] Logan to demonstrate State Farm has no obligation under the State Farm policy to defend or indemnify Logan in the [underlying action,]" Logan is "State Farm's opposing party in the instant action,"

---

[2]    Because the Federal Rules of Evidence exclude these statements from the definition of hearsay itself, Intervening Defendant's discussion of the *exceptions* to the rule against hearsay is inapplicable to the question before the Court. *See* Motion at 4–10.  Moreover, the exceptions to the rule against hearsay are not yet ripe for consideration because they only apply "if the declarant is unavailable as a witness[.]" Fed. R. Evid. 804(b).  As State Farm concedes, "it would be premature to claim Logan will be unavailable at trial."  Response at 6 n.8 (citation omitted).

and Logan "provided the deposition testimony in his individual capacity[.]" Response at 8 (citations omitted). The arguments of Intervening Defendant regarding the inapplicability of hearsay exceptions are not ripe and will be addressed, if appropriate, at trial. *See supra* note 2. Consequently, Intervening Defendant's Motion provides no basis for precluding the use of the statements in the deposition.

For the reasons given above, Intervening Defendant's Motion *in Limine* is without merit and is therefore denied. An appropriate order follows.

DATED: March 20, 2026

BY THE COURT:

GAIL A. WEILHEIMER, J.

4